UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FITBIT, INC.,

        Plaintiff,

        v.

KONINKLIJKE PHILIPS N.V., et al.,

        Defendants.

Case No. 20-cv-02371-PJH

**ORDER GRANTING MOTION TO POSTPONE CMC**

Re: Dkt. No. 17

        Before the court is defendants' administrative motion to postpone the initial case management conference ("CMC"). The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion for the following reasons.

        On April 8, 2020, plaintiff Fitbit, Inc. filed a complaint alleging patent infringement against defendants Koninklijke Philips N.V. and Philips North America LLC. Dkt. 1. After the parties declined to proceed before a magistrate judge, this court issued its initial case management scheduling order, setting the initial CMC for July 16, 2020. Dkt. 12. On May 28, 2020, the parties stipulated to permit defendants to file a response to the complaint by July 27, 2020. Dkt. 16. Defendants then filed the present administrative motion requesting the court postpone the initial case management conference and discovery. Dkt. 17. Plaintiff filed an opposition in response. Dkt. 18.

        Defendants state that they intend to file both a motion to dismiss for lack of personal jurisdiction and a motion to transfer the case to the district court for the District

of Massachusetts. Dkt. 17 at 1. Additionally, the parties are currently litigating in front of Judge Seeborg on different patents, see Fitbit, Inc. v. Koninklijke Philips N.V., No. 20-cv-02246-RS, in which defendants have filed similar motions. Id. Defendants indicate the forthcoming motions may moot the need to hold a CMC if this case is dismissed or transferred. Id. Plaintiff opposes the motion on the ground that it would "effectively stay the litigation" by postponing the initial case management conference and discovery. Dkt. 18 at 1.

      The court understands defendants' motion as only requesting to postpone the CMC and not to stay discovery. Generally, a party may seek discovery from any source after the parties confer as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). Thus, granting this motion and postponing the Rule 26(f) conference would delay the beginning of discovery but in no way stay discovery or effectively stay the litigation. It is this court's typical practice not to conduct a CMC until the pleadings are settled. In this case, the court finds that conducting a CMC prior to the date on which the parties stipulated defendants to respond to the complaint date would be inappropriate in light of defendants' forthcoming motions and the date on which the parties agreed to permit defendants to respond. The court therefore VACATES the July 16, 2020 case management conference. The court will reschedule the initial CMC once it has ruled on the forthcoming Rule 12(b) motions. Insofar as the date of the Rule 26(f) conference is based on the date of the initial CMC, no discovery will be permitted, by operation of the Federal Rules of Civil Procedure, until the court has ruled on the motions and rescheduled the initial CMC. See Fed. R. Civ. P. 26(d)(1), (f)(1).

      For the foregoing reasons, defendants' motion to postpone the initial CMC is GRANTED. The case management conference set for July 16, 2020 is VACATED.

      **IT IS SO ORDERED.**

Dated: June 22, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge